UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV440 RWS |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.[1]

Petitioner challenges his 1993 conviction for first-degree murder and the resulting sentence of life without parole for that offense. Petitioner challenged the same judgment of conviction and sentence in a habeas action in this Court in *Bell v. Kemna*, 4:97CV324 DJS (TIA) (E.D.Mo.), in 1997. In a Memorandum and Order written on March 6, 2000, Magistrate Judge Terry I. Adelman recommended that petitioner's application for writ of habeas corpus be denied. On March 27, 2000, the Honorable Judge Donald J. Stohr denied and dismissed petitioner's application for writ of habeas corpus in full. *Id.* Judge Stohr also denied petitioner's request for a certificate of appealability.

---

[1]Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

1

Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals, and the denial of the certificate of appealability was upheld on August 14, 2000. *See Bell v. Kemna*, No. 0-2274 EMSL (8th Cir. 2000).

Petitioner filed his first request to file a second or successive habeas corpus with the Eighth Circuit Court of Appeals on March 18, 2015. *See Bell v. Bowersox*, No. 15-431 (8th Cir. 2016). The Eighth Circuit denied petitioner's request on September 29, 2015.

Petitioner filed a second request to file a second or successive habeas corpus with the Eighth Circuit Court of Appeals on February 16, 2016. *See Bell v. Griffith*, No. 16-1392 (8th Cir. 2016). The Eighth Circuit has not yet ruled on petitioner's request.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit **before** he can bring those claims in this Court.[2] *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED as SUCCESSIVE**.

---

[2] Petitioner seeks to "stay and abey" this case while his petition for certification for a second or successive action is pending in the Eighth Circuit. This Court lacks the ability to grant such relief, as he must obtain the certificate from the Eighth Circuit prior to bringing suit in this Court. Thus, his motion to stay and abey will be denied.

**IT IS HEREBY ORDERED** that petitioner's request to stay and abey this case [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that any application for certificate of appealability shall be denied.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of April, 2016.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE